## In the Matter of JOSEPH BARUCH SUSSMAN, an Attorney, Respondent.

First Department, October 30, 1936.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Joseph Baruch Sussman*, respondent in person.

MARTIN, P. J.   An official referee has found the respondent guilty of charges of professional misconduct.   The record sustains his findings.

Charles Cohen and his son, Sidney Cohen, in 1932, retained the respondent to form a corporation which was to take over a wholesale fruit business which they had been conducting.   The respondent, who was paid ninety dollars to cover his fee and all expenses, informed his clients, about two weeks later, that the corporation had been formed under the name of C. Cohen & Sons, Inc.   He delivered to them the corporate seal and advised them that it was proper to use the corporate name and to open a corporate bank account. At the same time the respondent displayed what he said was a

set of corporate books, which, however, he retained in his possession. Thereafter business was conducted under the corporate name.

The Cohens sent a check in 1934 to the State Tax Commission in payment of the franchise tax on C. Cohen & Sons, Inc. In reply they received a letter inquiring in what State that company had been incorporated. This letter was turned over to the respondent with the request that he ascertain why the State Tax Commission had no record of the corporation. The respondent stated that he would investigate the matter and that if the incorporation had not been completed he would attend to it. at once. Shortly thereafter the respondent informed Mr. Sidney Cohen that no corporation had been formed but that he would complete the incorporation at once and send the Cohens the corporate books and the receipt for the fee for filing the certificate of incorporation. Thereafter the respondent made repeated promises to attend to this matter but failed to do so.

Other attorneys were retained by the Cohens to look after their interests. On March 28, 1935, they wrote to the respondent for an explanation of the delay. This letter was ignored. Complaint of respondent's conduct was then made to the petitioner. The attorney for petitioner wrote three letters to the respondent before receiving a reply. The respondent's answer contained much irrelevant matter and statements that he had been victimized by an employee named Harry Slutzberg and that the necessary papers would be filed and the incorporation completed. Four subsequent letters sent by the petitioner's attorney requesting the respondent to call with his file in the Cohen matter were not answered by him.

The incorporation was completed on August 5, 1935. At about that time the corporate books were delivered to Sidney Cohen by the respondent who explained that he had delivered the original certificate of incorporation together with the fifty dollars filing fee to an employee named Slutzberg with instructions to forward them to Albany but that Slutzberg had converted the money. Respondent also told Sidney Cohen that upon learning of the conversion of the money he had been unable to locate Slutzberg and could not spare the money necessary to complete the incorporation.

At the hearings before the referee the respondent testified that he intrusted the original certificate and the fifty-dollar filing fee to Slutzberg but he gave no satisfactory explanation of his failure to take any action upon discovering that the money had been misappropriated by his employee. He was unable to produce copies of the letter which he claimed he had sent to Albany or of the alleged original certificate although he said he had a carbon copy in his possession.

The referee has found that there is no credible evidence that the respondent ever drew the original incorporation papers at or about the time he was retained or that he ever gave fifty dollars to Slutzberg to transmit to Albany in payment of the filing fee. These findings are sustained by the record.

The respondent should be disbarred.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent unanimously disbarred.